IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFTON GENE HARRELL, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:04-CV-1216-P |
| JIM BOWLES, SHERIFF | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Sheriff Jim Bowles's ("Defendant" or "the Sheriff") Motion for Summary Judgment ("Defendant's Brief"), filed February 15, 2005. Plaintiffs Clifton Gene Harrell, et al., ("Plaintiffs") cross-filed their Motion for Summary Judgment ("Plaintiffs' Brief") on March 1, 2005, and Defendant filed his Response to Plaintiff's Motion on March 17, 2005.[1] After considering the parties' arguments and briefing, and the applicable law, the Court GRANTS in PART Defendant's Motion for Summary Judgment, and DENIES Plaintiffs' Motion for Summary Judgment.

**I.     Background and Procedural History**

This case concerns takings claims brought by bail bond sureties to recover the following alleged amounts: (1) "funds deposited with the Dallas County Sheriff as collateral for bail bonds;" (2) "illegal bail bond approval fees paid to the Sheriff;" (3) "interest earned on the

---

[1] Plaintiffs' Brief included a rather "brief" response to Defendant's Brief. *See* Pls.' Brief at 19. With regard to the issue of ripeness, an issue determining subject matter jurisdiction, Plaintiffs' sole response contended: "The claims of Plaintiffs are sufficiently ripe to confer subject matter jurisdiction on this Court." *Id.*

deposits and fees;" and (4) "statutory interest and penalties resulting from the failure to report and pay presumably abandoned funds to the Texas Comptroller of Public Accounts."[2]  Pls.' Compl. at 2.  Plaintiffs allege such takings violate "the Fifth and Fourteenth Amendments to the United States Constitution."  *Id.*  Moreover, although Plaintiffs discuss a multitude of facts in their Brief, the Court entertains a limited background due to the absence of subject matter jurisdiction; the reason for dismissing this case.[3]

Between August 2, 1985, and September 18, 1994, Plaintiffs deposited bond funds ranging in amounts from $200 to $1,500, on behalf of various criminal defendants to Defendant.  *See* Def.'s Mot. at 2-3 (citing Def.'s App. at 4-19).  Apparently, each of those bonds were later discharged.  *Id.* (citing Pls.' Compl. at 2-5 nn.2-6).  Months, and sometimes years after Plaintiffs deposited those bond funds, the Dallas County Clerk transferred those funds to the State Comptroller.  Additionally, the Clerk retained amounts ranging from $10 to $100 as administrative fees.  *Id.*

"At the time a cash bond is posted, the party posting the bond is given written instructions on how and when to obtain a refund of any cash money posted.  At no time has the

---

[2] Although Plaintiffs style their Complaint as a class action (filed June 4, 2004), "no motion for certification as required by Local Rule of Practice 23.2 was filed within 90 days (by September 2, 2004) or has ever been filed." Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 2.  As such, the Court recognizes only the five named individual Plaintiffs, namely Clifton Gene Harrell, Humberto Zarate Acuna, Rudolph Paramo, Jr., Stella H. Torrez, and Estela Turcios.

[3] On February 1, 2005, Magistrate Judge Ramirez entered an Order which stayed discovery "against Defendant in his individual capacity . . . pending [this Court's] determination of whether Defendant is entitled to qualified immunity."  Additionally, in that same Order, Magistrate Judge Ramirez ordered Defendant to "submit a motion for summary judgment on the grounds of qualified immunity by February 15, 2005."  However, as a court must first have subject matter jurisdiction before deciding qualified immunity, *see infra* Part III, this Court cannot entertain the issue of qualified immunity due to lack of jurisdiction.

3:04-CV-1216-P
**Order GRANTING in PART Defendant's Motion for Summary Judgment, and DENYING Plaintiffs' Motion for Summary Judgment**
Page 2

County Clerk received a request to refund any of these bonds to the Plaintiffs." Dingess Aff. at 3 (Def.'s App. at 3).

Although not stated succinctly, Plaintiffs' complaint appears to allege three sub-claims. First, Plaintiffs contend that although the "bonds were subsequently discharged by operation of law or court order without forfeiture," Defendant "failed and refused to refund the [bonds]." Pls.' Compl. at 5. Second, Plaintiff asserts that the administrative fees were not authorized by law. *Id.* at 6. Finally, Plaintiff alleges that Defendant earned interest fraudulently "on the funds of Plaintiffs while they were being held by Defendant . . . ." *Id.*

## II.   Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Celotex*, 477 U.S. at 323.

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a material fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless she

provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248-50; *Abbott v. Equity Group*, 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she bears the burden of proof at trail, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Finally, the Court has not duty to search the record for triable issues. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the supports his or her claim." *Id.* A party may not rely upon "unsubstantiated assertions" as competent summary judgment evidence. *Id.*

Although Defendant asserts several reasons why the Court should grant summary judgment, the Court addresses only the issue of subject matter jurisdiction.

### III.   Subject Matter Jurisdiction and Ripeness

A court cannot rule on the substantive merits of a case until it determines that it possesses subject matter jurisdiction. *Cf. Copling v. The Container Store, Inc.*, 174 F.3d 590 n. (5th Cir. 1999) (noting that because the district court lacked subject matter jurisdiction, its comments on the substantive merits of the case "[were] void and [could] be ignored by the state court" on

remand).  In order to have subject matter jurisdiction, a claim must be ripe for review.  *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 468-69 (5th Cir. 1994)  (holding that when claims "are not ripe for judicial review," they must be dismissed "for lack of subject matter jurisdiction"); *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1993) ("[R]ipeness is a jurisdictional requirement that cannot be waived.").  Furthermore, "[a] takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003).  Hence, if a takings claim is not ripe, a court finds itself without subject matter jurisdiction.

      a.    **Failure to Exhaust State Procedures**

"The principles applicable to this case have recently been decided by Judge Fitzwater in *Obregon v. Melton*, No. 3:02-CV-1099-D, 2004 WL 302293 (N.D. Tex. Jan. 8, 2004) . . . ." Def.'s Brief at 2.  Much like the claims in *Obregon*, Defendant contends "that [Plaintiffs] never requested from the County Clerk or via court order the refund of the cash bail bonds posted in their cases and that the County Clerk has never received a court order directing that the funds be refunded . . . ." *Obregon*, No. 3:02-CV-1099-D, 2004 WL 302293, at *5; *see also* Dingess Aff. at 3 (Def.'s App. at 3).

Defendant contends further that such delinquency, in accordance with Texas Code Crim. Proc. Ann. Art. 17.02 (Veron 1977) proves why Plaintiffs' claims are not ripe.  That Article provides, in pertinent part, that "any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the

defendant complies with the conditions of his bond, and upon order of the court." Several decisions hold that "this command is so clear that it requires an act that is deemed 'ministerial' under Texas law."[4] *Obregon*, No. 3:02-CV-1099-D, 2004 WL 302293, at *7-8 (citing *Baize v. Shaver*, 935 S.W.2d 498, 499-500 (Tex. App. 1996, orig. proceeding) (finding Article 17.02 to be ministerial in nature, where "the defendant did not breach any condition of the bond"); *DeLeon v. Pennington*, 759 S.W.2d 201, 202 (Tex. App. 1988, orig. proceeding) (per curiam) ("[T]he court's duty to refund the cash deposits is a ministerial one.")).

Accordingly, Plaintiffs "have a clear statutory right to move the court for an order compelling the return of their bail money to them." *Obregon*, No. 3:02-CV-1099-D, 2004 WL 302293, at *8 (citing *Baize*, 935 S.W.2d at 499). This is true "whether, by policy, the Dallas County District and County Clerks do not prepare such orders for a judge until a third party seeks a refund. Plaintiffs can proceed directly in court by motion." *Obregon*, No. 3:02-CV-1099-D, 2004 WL 302293, at *8. Moreover, "if a party directly moves the court for an order and relief is denied, he can seek a writ of mandamus in the Texas court of appeals." *Id.* (citing *Baize*, 935 S.W.2d at 500; *DeLeon*, 759 S.W.2d at 202). Defendant maintains, and Plaintiffs do not dispute, that Plaintiffs have failed to exercise the proper return process. Hence, the relevant governmental unit has *not* reached a final decision as to what will be done with the bail money, and Plaintiffs have *not* sought compensation through Texas procedure.

---

[4] The Court defines a ministerial act as "[a]n act performed without the independent exercise of discretion or judgment." Blacks Law Dictionary 26 (8th ed. 2004).

    **b.**    **Lack of Ripeness**

In sum, the previous analysis produces the following logic. A takings claim will not be ripe where: (1) "the state provides a clear statutory right to relief;" (2) there is "a mechanism to obtain such relief;" (3) "a remedy [exists] (via mandamus) when the ministerial act of granting the relief is not carried out," and (4) "the plaintiffs asserting a takings claim have not availed themselves of this available remedy." *Obregon*, No. 3:02-CV-1009-D, 2004 WL 302293, at *3; *cf. Sandy Creek Investors*, 325 F.3d at 626. As Plaintiffs have failed to exhaust, or even utilize, the available remedies that Texas provides, the takings claim is not ripe and this Court lacks subject matter jurisdiction.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby GRANTED IN PART to the extent the Court finds that Plaintiffs' federal takings claim is not ripe. Plaintiffs' Motion for Summary Judgment is hereby DENIED, and Plaintiffs' claims are DISMISSED without prejudice.

**It is so ordered.**

Signed this 25th day of April 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE